IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENNIE EDWARD PIERCE, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> STATE OF TEXAS, <br><br> *Defendant*. | § <br> § <br> § <br> § <br> §    Case No. 2:19-cv-00344-JRG-RSP <br> § <br> § <br> § <br> § <br> § <br> § |

## REPORT AND RECOMMENDATION

Plaintiff Bennie Edward Pierce, Jr. ("Pierce") filed a complaint *in forma pauperis* against the State of Texas on October 21, 2019. On the following day, Pierce filed an amended complaint. Pierce has since taken no further action in this case.

Pursuant to 28 U.S.C. § 1915A, the instant suit should be dismissed as frivolous and for failure to state a claim. For example, suit is brought against the State of Texas which is immune, under the 11th Amendment to the Constitution, from a suit for damages in federal court. Moreover, Pierce's claim of unlawful incarceration is based on an incorrect view of Texas law. See, e.g., Tex. Fam. Code Ann. § 157.001. For at least these reasons, the complaint should be dismissed.

Further, "[c]ourts have an 'inherent power' to dismiss cases for lack of prosecution. This power enables courts to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *United States v. Amieva-Rodriguez*, 905 F.3d 288, 289 (5th Cir. 2018) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (affirming a district court's dismissal for failure to prosecute)). Because Pierce has failed to further prosecute his claims, the Court recommends that the claims should

be **DISMISSED without prejudice.** In accordance with *Campbell v. Wilkinson*, the Court further recommends suspending the statute of limitation**s** in this case for a period of **sixty (60) days** from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "Where further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 13th day of December, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE